MONROE, Judge,
concurring specially.
In their briefs, the parties discuss my special concurrence in Clark v. Davis Oil Co., 702 So.2d 481 (Ala.Civ.App.1997) (Monroe, J., specially concurring). In that concurrence, I expressed my awe at the trial court’s ability to distinguish between a 90% permanent disability and total disability under the evidence presented. In Clark, the plaintiffs vocational expert and his treating physician both found him to be totally disabled. However, in this case, unlike in Clark, no expert testimony was presented that would indicate that Peters was permanently and totally disabled. The highest vocational disability any expert assigned to Peters was 83%. The trial court found that Peters suffered a 90% disability, which is higher than the disability ratings presented at trial. Under these facts, which are distinguishable from those in Clark, I do not take issue with the trial court’s finding of a 90% permanent partial disability.